PEYTON RANDOLPH HARRIS, PLAINTIFF-RESPONDENT,
v. HARRY B. BROCKHURST AND EDWARD A. BROWN,
DEFENDANTS-APPELLANTS.

Argued October 6, 1937—Decided November 15, 1937.

Before Justices LLOYD, CASE and DONGES.

For the plaintiff-respondent, *Walter Huck* and *Martin & Reiley.*

For the defendants-appellants, *Adolf L. Engelke.*

The opinion of the court was delivered by

CASE, J. This is a suit between lawyers. The defendants retained the plaintiff to prosecute some claims in the State of New York and entered into a written stipulation, prepared by the plaintiff, wherein appeared this obligation: "We agree to pay all disbursements including stenography incurred by you for our account in connection therewith." The action

is upon that written agreement and is to recover, in the language of the state of demand, "certain disbursements, stenographic charges and expenses." The "stenographic charges" sued upon had relation to the services of stenographers regularly employed in plaintiff's office and were supported, not by the proof of sums actually paid to the stenographers, but by proof of a schedule of rates to clients, which rates accorded with like schedules prevailing in other offices in the city of New York and were found by the trial court to be reasonable. The questions in response to which came the evidence of the prevailing schedule of prices charged by New York lawyers against their clients and of the reasonableness of the rates charged were admitted over appellants' objections. There was testimony that plaintiff's stenographers were paid a salary of $18 per week, but none to show what amount of time had been expended by the stenographers upon the defendants' work or that plaintiff had made payments to anyone of all or any part of the items of $88.17 and $178.63 which the court below allowed as the "expense of stenography and typewriting incurred by the plaintiff for account of said defendants."

Appellants contend, first, that the allowances for stenographic work are not supported by the terms of the agreement and, second, that the aforesaid testimony was objectionable and should have been excluded. In our opinion both contentions are well founded.

The action is not on *quantum meruit*. Assuming that the word "stenography" is comprehensive, as respondent contends, of stenographic and typist services performed by respondent's employes in his own office and is not to be limited, as appellants contend in their third point, to the expense of court or so-called "official" stenography, the question is not whether a schedule of rates adopted by respondent in his office is fair. The testimony of prevailing rates charged by lawyers to clients in other New York offices was quite beside the point. Under our interpretation of the contract, plaintiff was entitled to his disbursements, including, by particular mention, his disbursements for stenography. If there be any doubt that

the item of stenography was intended to be calculated upon the basis of disbursement, that doubt should be resolved against the plaintiff lawyer who drew the contract. The only valid issue under the contract went to respondent's actual disbursements. At the rate of $18 per week the stenographic allowance would cover the full time of a stenographer for many weeks, and the proofs do not indicate that there was such an extensive stenographic service. It was not within the contract for the respondent to make a profit upon stenography as upon the sale of a commodity. The question was: What was the disbursement? The court finding was not based upon that conception and would have had no proof to sustain it had it been so.

This disposes of the appeal; but against the possibility of a retrial we give our view of prosecutors' third point. "Stenography" is a word of wide use and known meaning. It is the art of writing in shorthand and may include subsequent typewritten transcription. Webster's International Unabridged Dictionary, second edition. There is no dispute over that definition. The controversy thereon is whether the reference in the contract of employment was to stenography generally, which would include the stenography done in respondent's office, or was exclusively to court stenography. The contract as it stands carries the former significance and in so doing constitutes a sensible and enforceable obligation, and a particularly pertinent one in a jurisdiction where such an undertaking is recognized in good practice. In our opinion there was no error in the court's refusal to admit oral testimony to prove that the parties meant something other than what they had said in writing. Testimony that the parties meant to refer only to court stenography was properly rejected.

Judgment will be reversed.